# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### Abingdon Division

UNITED STATES OF AMERICA

v.

APRIL SHANNON HUTSON, et al.,

**Defendants**

<u>REPORT AND</u>
<u>RECOMMENDATION</u>
Case Number:
1:10cr00002

This matter is before the undersigned on the Defendant's Motion To Dismiss Indictment And Exclude Evidence, (Docket Item No. 578), filed on behalf of Robert Allen Parks, ("Motion"). Based on the arguments and representations of counsel and for the reasons set forth below, I recommend that the court deny the Motion.

*I. Facts*

Parks is charged along with 35 other defendants with one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, oxycodone and hydrocodone in violation of 21 U.S.C. § 846. The Indictment alleges that this conspiracy existed "[o]n or about and between January 1, 2003 and January 13, 2010." Parks was born in 1988. Parks did not turn 18 years of age until 2006, more than three years after the inception of this alleged conspiracy.

The government initiated this drug conspiracy charge by Criminal Complaint

prior to the return of the Indictment. The Affidavit offered in support of the Criminal Complaint contains the following allegations against Parks:

> On April 19, 2008, Robert Parks called Shannon Hutson from the Sullivan County Jail. Hutson told Parks that she was picking Scott (Last Name Unknown) up to go and get her money. Hutson told Parks that she was ready for Kari (Parks) and Josh (Snypes) to move out because they were stealing pills.
> ...
> On January 14, 2009, CS-18 was arrested with Raymond Hilliard in possession of ½ ounce of cocaine. In a subsequent interview, CS-18 stated that Robert Parks had told him/her that Parks' mother dealt in quantities of cocaine.
> ...
> On May 14, 2008, Chucky Hensley was interviewed in Blountville, TN. Hensley provided detailed information regarding Rhonda Hutson, Shannon Hutson, and Jr. Stiltner. Hensley stated that customers of the Drug Trafficking Organization included... Robert Parks....
> ...
> On January 15, 2008, Robert Parks placed a telephone call from the Sullivan County Jail to his mother, Shannon Hutson. Parks stated that he had been threatened by Chris Hutson because of the fifteen (15) Lortabs that he stole from Rhonda Hutson. Shannon Hutson told Parks that it was more than fifteen (15).
>
> On March 13, 2008, Carrie Evelyn Jarrett was interviewed in Bristol, TN. Jarrett stated that Shannon Parks (Hutson) was a cocaine supplier to Bobby Nelson. Jarrett stated that Hutson had a daughter named Kari Parks and a son named Robert Parks who distributed cocaine for Hutson.
> ...
> On July 1, 2008, Robert Parks placed a telephone call from the Sullivan County Jail to Kari Parks. Robert spoke with an unknown male about sending marijuana in a package that Kari was sending. The unknown male told Robert that he would send ½ nickel.

On July 1, 2008, Robert Parks placed a telephone call from the Sullivan County Jail to Shannon Hutson. Parks told Hutson to tell Kari (Parks) to get him some pot if she could.

On July 4, 2008, Robert Parks placed a telephone call from the Sullivan County Jail to Kari Parks. Robert and Kari spoke about an inmate who smuggled drugs into the jail for Kari.

On December 1, 2008, Brandon Kincer was interviewed in Bristol, TN. Kincer stated that Robert PARKS was a cocaine distributor, and a son of Shannon Hutson. Kincer stated that he had purchased 1/4 ounces of cocaine from Parks on approximately seven (7) different occasions. Kincer stated that these transactions occurred at Parks' trailer located on Weaver Pike in Bristol, TN.

...

On June 4, 2008, Robert Parks called Shannon Hutson from the Sullivan County Jail. Parks and Hutson discussed Junior Stiltner being used by Rhonda (Hutson) to "f— peoples shit up" who owed money to Rhonda.

*II. Analysis*

Parks argues that the Indictment should be dismissed against him because the offense alleged occurred, in part, while he was a juvenile under the age of 18. Parks argues that the Juvenile Delinquency Act, 18 U.S.C.A. § 5031 *et seq*. (West 2000), prohibits the prosecution in federal court, except under certain exceptional circumstance, of a violation of federal law committed by a person prior to his eighteenth birthday. *See* 18 U.S.C.A. §5032 (West 2000). He also argues that the government should be excluded from offering any evidence of any criminal acts committed by him prior to his reaching 18 years of age.

The Fourth Circuit has addressed the exact issue raised by Parks in his Motion. In *United States v. Spoone*, 741 F.2d 680, 687 (4th Cir. 1984), an 18-year-old

defendant in an auto theft conspiracy case argued that the federal district court lacked jurisdiction to admit evidence pertaining to a defendant's acts committed while he was a juvenile. The Fourth Circuit rejected the argument, stating:

> Unlike most federal offenses, conspiracy is a continuing crime. The Juvenile Delinquency Act does not, of course, prevent an adult criminal defendant from being tried as an adult simply because he first became embroiled in the conspiracy with which he is charged while still a minor.

*Spoone*, 741 F.2d at 687. The court found that the government in *Spoone* had presented sufficient evidence from which the jury could infer that the defendant's involvement in the alleged conspiracy continued after he turned 18. *See* 741 F.2d at 687. The Court also held that the jury was entitled to hear evidence showing that the defendant had known of the conspiracy since its inception, which was before he turned 18, although the jury could not consider any acts committed while a juvenile as evidence of his guilt. *See Spoone*, 741 F.2d at 687. *See also United States v. Claiborne*, 92 F. Supp. 2d 503, 514 (E.D. Va. 2000) (government may prosecute an adult for participation in a conspiracy that began prior to the defendant's eighteenth birthday provided that the defendant engaged in some overt act indicating his ratification of the conspiracy after attaining the age of 18; evidence of juvenile acts may not be considered as substantive evidence of guilt, but may be admitted for the limited purpose of putting the defendant's subsequent post-eighteen conduct within the context of the conspiracy).

Thus, if the government can produce evidence in this case that Parks's involvement in the alleged conspiracy continued after he turned 18, then the government should be allowed to produce evidence of Parks's involvement in the

alleged conspiracy from its inception. Based on the evidence alleged in the Criminal Complaint, it appears that the government can produce evidence from which a jury could infer that Parks's involvement in this conspiracy continued after he turned 18 in 2006. That being the case, I will recommend that the Motion be denied.

**PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. The Indictment in this case charges a drug conspiracy beginning on or about January 1, 2003, and continuing until January 13, 2010;
2. Parks did not turn 18 years old until 2006;
3. The Juvenile Delinquency Act does not prevent a defendant from being prosecuted for a conspiracy he joined prior to turning 18 years old, if his involvement in the conspiracy continued after turning 18 years old; and
4. It appears that the government can produce evidence that Parks's involvement in this alleged drug conspiracy continued after he reached 18 years of age.

## RECOMMENDED DISPOSITION

For the reasoning set out above, the undersigned recommends that this court deny the Motion.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(c):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations could waive appellate review.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, Chief United States District Judge.

DATED:    This 24th day of March 2010.

                                     /s/   *Pamela Meade Sargent*
                                          UNITED STATES MAGISTRATE JUDGE